IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**THOMAS SMITH,**  **PLAINTIFF**
**ADC #55114**

v.                              Case No. 5:13-cv-00244-KGB-JJV

**ARKANSAS DEPARTMENT OF**
**CORRECTION,** *et al***.**  **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 59) and plaintiff Thomas Smith's objections (Dkt. No. 60). After carefully considering the objections and making a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations.

Mr. Smith alleges, among other claims, an Eighth Amendment failure-to-protect claim arising out of an attack by inmate Steven Stokes just after Mr. Stokes had attacked another inmate, Daniel Kelly. Mr. Smith contends that defendants failed to protect him by leaving Mr. Stokes in the barracks after attacking Mr. Kelly. Defendants moved for summary judgment, and Judge Volpe recommends that this Court grant defendants' motion. The Court adopts Judge Volpe's conclusions but writes to elaborate on the Court's reasoning as to the failure-to-protect claim.

In opposing defendants' motion for summary judgment, Mr. Smith relied in part on the testimony by inmate Edward Jackson that, just prior to Mr. Stokes's attack on Mr. Smith, he heard Mr. Stokes tell officers to handcuff him because he was "fixing to go on one," meaning he would attack another person (Dkt. No. 52-1, at 15). Mr. Smith contends that this, along with the attack on Mr. Kelly, put defendants on notice that Mr. Stokes presented a danger to Mr. Smith

from which defendants failed to protect him. Judge Volpe, in the Proposed Findings and Recommendations, found Mr. Jackson's testimony unpersuasive. Judge Volpe reasoned that there is no evidence any of the defendants heard Mr. Stokes's purported statement and noted that Mr. Jackson could not see which guards were present to hear Mr. Stokes's statement or which guards observed Mr. Stokes's attack on Mr. Kelly. Mr. Jackson's testimony is clear that *some* unidentified guards heard Mr. Stokes's purported statement. However, from the record evidence, it is not clear that any of the defendants in this case were in the barracks or with Mr. Stokes at the time he made this statement to hear it prior to his attacking Mr. Smith, and Mr. Smith has not pointed to any record evidence that is probative on this issue.

Further, the Court is not convinced on the record before it that the type of threat here creates a genuine issue of fact on Mr. Smith's failure-to-protect claim. To meet the subjective knowledge prong of a failure-to-protect claim, as with other types of deliberate indifference claims, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* v. *Brennan*, 511 U.S. 825, 837 (1994). Applying this in the failure to protect context, the Eighth Circuit has stated that "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). In *Prater*, the Eighth Circuit found the alleged threat to be insufficient where Mr. Prater's allegations also established that, after the threat, both inmates assured prison officials that there would be no trouble between the two inmates and, after a temporary transfer, Mr. Prater and the attacker were incarcerated together for two weeks without incident prior to the attack. *Id.* at 541-42. In *Young v. Selk*, 508 F.3d 868 (8th Cir. 2007), the Eighth Circuit distinguished *Prater* noting that, unlike *Prater*, there was no investigation into the threat, no

assurances of no trouble, no extensive history of the inmates getting along well, and the plaintiff in that case described the threat as an emergency. *Id.* at 874.

Here, unlike *Prater*, there were no assurances of no trouble and there was no substantial interval between the alleged threat and the attack. On the other hand, there is no evidence of a threat specifically directed at Mr. Smith or any specific inmate, there is evidence Mr. Smith and Mr. Stokes got along without incident prior to the attack, and there is no report of an urgent threat by Mr. Smith as was present in the *Young* case. In fact, Mr. Smith admitted that he did not feel threatened by Mr. Stokes even after the attack on Mr. Kelly (Dkt. No. 45-8, at 13, 21). Under these circumstances, even viewing the record evidence in the light most favorable to Mr. Smith, the Court agrees that there is no genuine issue of fact that the defendants in this case had actual knowledge of a substantial risk of harm to Mr. Smith. Accordingly, the Court grants defendants' motion for summary judgment on Mr. Smith's failure-to-protect claim.

As to the remaining issues and claims, the Court adopts the Proposed Findings and Recommendations in their entirety as this Court's findings in all respects.

It is therefore ordered that:

1. The Court grants defendants' motion and amended motion for summary judgment (Dkt. Nos. 45, 48).

2. The Court dismisses with prejudice Mr. Smith's Eighth Amendment claims.

3. The Court dismisses without prejudice Mr. Smith's Fifth and Fourteenth Amendment claims for failure to state a claim upon which relief may be granted.

4. The Court dismisses without prejudice Mr. Smith's state-law claim under the Arkansas Civil Rights Act.

SO ORDERED this the 31st day of March, 2015.

_____
Kristine G. Baker
United States District Judge